UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tyrone Noel Nunn, | Case No. 2:24-cv-01090-CDS-BNW |
| Plaintiff | **Screening Order** |
| v. | |
| Ely State Prison, et al., | [ECF Nos. 1-1, 4] |
| Defendants | |

Plaintiff Tyrone Noel Nunn, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. ECF Nos. 1-1, 4. The matter of the filing fee will be temporarily deferred. I now screen Nunn's civil rights complaint under 28 U.S.C. § 1915A.

I. **Screening standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed sua sponte if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of complaint

In the complaint, Nunn sues multiple defendants for events that took place while he was incarcerated at Ely State Prison. ECF No. 1-1 at 2. Nunn sues defendants Ely State Prison, City of Ely, County of White Pine, Department of Corrections, and State of Nevada. *Id.* at 1. Nunn brings multiple claims and seeks monetary damages. *Id.* at 3–4.

Nunn alleges the following. On August 14, 2023, Doe CERT officer ordered Nunn to leave the medical wing and told Nunn that he did not need to inform Nunn of the destination or the reason behind the move. *Id.* at 2. For the transit, Nunn had to "strip out" and then someone handcuffed him. *Id.* Nunn had to remove all the medical equipment from his body including his arm sling. *Id.* After following orders, an officer put Nunn in mechanical restraints and escorted Nunn out of the infirmary before any of the nurses had issued Nunn his psych and pain medication. *Id.*

Later that day, when officers returned Nunn to the medical wing, Nunn learned that prison officials had removed all his belongings. *Id.* at 2–3. When Nunn asked the on-call duty nurse for his psych and pain medication, the nurse told him, "No, you cannot have your pain medication or your [psych] medication. I don't want to be bothered with you. I heard what happened." *Id.* at 3. Nunn brings claims for negligence, harassment, and cruel and unusual punishment. *Id.* at 3–4.

Nunn's complaint contains multiple deficiencies that prevent him from stating any colorable claims. However, because Nunn may be able to cure the deficiencies in an amended complaint, I will dismiss the complaint without prejudice with leave to amend. I will address matters concerning Nunn's named defendants, his potential Eighth Amendment claim, and his state law claims.

### A. Nunn's named defendants

Nunn has not stated any colorable claims against his named defendants. *See* ECF No. 1-1 at 1. Nunn cannot state any claims against defendants Ely State Prison, the Department of Corrections, or the State of Nevada. Moreover, even though it is possible to sue defendants City of Ely and County of White Pine, Nunn has not made any allegations against those defendants.

First, Nunn cannot sue defendant Ely State Prison. The statute that allows inmates to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against a "person" acting under the color of state law only. As a result, courts routinely hold that jails and prisons are not persons who can be sued under § 1983. *See, e.g., Smith v. Charleston Cnty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as the Sheriff Al Cannon Detention Center, do not act under color of state law and are not a 'person' subject to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under § 1983). Accordingly, I dismiss defendant Ely State Prison with prejudice from the complaint as amendment would be futile.

Second, Nunn can neither raise 42 U.S.C. § 1983 claims nor state law claims against the State of Nevada or the Department of Corrections based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming

state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity). The Ninth Circuit has explicitly held that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims." *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006). So I dismiss defendants State of Nevada and the Department of Corrections with prejudice from the complaint as amendment would be futile.

Finally, I dismiss defendants City of Ely and County of White Pine without prejudice from this case. Nunn makes no allegations in the complaint against either of the defendants. If Nunn chooses to file an amended complaint and seeks to sue either of those defendants, he should take note of the following law. A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

B. **Nunn's potential Eighth Amendment claim**

Nunn attempts to raise an Eighth Amendment deliberate-indifference-to-serious-medical-needs claim based on his inability to receive his prescription psych and pain medication. ECF No. 1-1 at 4. Nunn does not provide enough allegations to state a colorable claim. If Nunn chooses to file an amended complaint, he should follow the directions in the form complaint and describe exactly what each specific defendant, by name, did to violate his rights. Moreover, Nunn

must allege the harm caused by his inability to receive his prescription medication. I dismiss this claim without prejudice with leave to amend.

If Nunn chooses to file an amended complaint and seeks to pursue a claim for Eighth Amendment deliberate indifference to serious medical needs, he should take note of the following law. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

### C. Nunn's state law claims for negligence and harassment

Nunn seeks to sue defendants for state law negligence and harassment. ECF No. 1-1 at 3. As discussed above, Nunn fails to state a claim against any of the named defendants. Even if Nunn filed an amended complaint and identified specific defendants, by name, who violated his rights, he would not be able to sue any state employee for state law negligence or harassment in in this case.

Under Nevada law, the State of Nevada has generally waived sovereign immunity for state tort actions in state court. Nev. Rev. Stat. § 41.031(1). In order to sue the State of Nevada or a state employee, the plaintiff is required to sue the State of Nevada or appropriate political subdivision. Nev. Rev. Stat. §§ 41.031, 41.0337. "In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." *Id.* § 41.031(2).

However, in federal court, the State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). In *Stanley*, 433 F.3d 1129, the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *Id.* at 1133–34.

For this reason, I find that Nunn must raise his state law tort claims against state employees in state court. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a county employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

7

### III. Leave to amend

Although I grant Nunn leave to amend, I do not grant Nunn leave to amend in any way that he sees fit. Nunn has leave to amend to allege additional true facts to show an Eighth Amendment claim. I do not give Nunn leave to assert any new claims.

If Nunn chooses to file an amended complaint, he is advised that an amended complaint replaces the complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue. He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Nunn must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. He must file the amended complaint within 30 days from the date of this order. If Nunn chooses not to file an amended complaint curing the stated deficiencies, I will dismiss this action without prejudice for failure to state a claim.

### IV. Conclusion

I therefore order that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

I order that the Clerk of the Court file the complaint (ECF No. 1-1).

I order that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice with leave to amend.

I order that, if Nunn chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Nunn must do so by December 27, 2024.

I order that the Clerk of the Court send to Nunn: (1) the approved form for filing a § 1983 complaint with instructions; and (2) a copy of his original complaint (ECF No. 1-1). If Nunn chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

I order that, if Nunn fails to file an amended complaint curing the deficiencies outlined in this order, I will dismiss this action without prejudice, and without further notice, for failure to state a claim.

Dated: November 25, 2024

_____
Cristina D. Silva
United States District Judge